IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARY A. LEE**, <br><br>        Plaintiff, <br><br> v. <br><br> **CAROLYN W. COLVIN**, <br>Commissioner of Social Security, <br><br>        Defendant. | Case No. 6:13-cv-0809-SB <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation ("F&R") in this case on April 20, 2015. Dkt. 28. Judge Beckerman recommended that the decision of the Commissioner of Social Security ("Commissioner") finding Plaintiff not to be disabled under the Social Security Act be affirmed.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – OPINION AND ORDER

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (Dkt. 30), to which Defendant responded. Dkt. 31. Plaintiff objects to all of the legal analyses and conclusions by Judge Beckerman regarding the errors Plaintiff alleges were made by the Administrative Law Judge ("ALJ"). The Court performs a *de novo* review, considering Plaintiff's objections, the record before Judge Beckerman, and the F&R. The Court agrees with Judge Beckerman's conclusions and adopts the F&R, except as set forth herein.

In considering whether the ALJ properly analyzed the credibility of a report issued by Dr. Judy Pinsonneault, the F&R discussed, among other things, whether Plaintiff's symptoms were controlled by medication and concluded that Plaintiff had difficulty controlling her blood sugar levels in large part due to her unwillingness to follow the recommendations of her physicians. Dkt. 28 at 21-22. Plaintiff objects that this discussion and conclusion that Plaintiff may not have been compliant with medical directives was not raised or discussed by the ALJ and

is, therefore, impermissible *post hoc* rationalization by the Magistrate. The Court declines to adopt this portion of the F&R discussing whether Plaintiff's blood sugar levels were controlled by medication.

In considering the ALJ's credibility determination relating to Dr. Pinsonneault, the relevant question is not whether Plaintiff's symptoms were in fact well controlled by medication. The relevant inquiry is whether the ALJ properly discounted Dr. Pinsonneault's report, completed after only one visit with Plaintiff, because, among other reasons, the report was internally inconsistent by concluding that Plaintiff is permanently disabled while also concluding that Plaintiff's symptoms were well controlled by medication. The issue is not the veracity of either of those statements contained within Dr. Pinsonneault's report, but the fact that those two statements are inconsistent. As noted in another portion of the F&R, an ALJ may discount the credibility of a doctor whose conclusions are internally inconsistent. Dkt. 28 at 23 (citing *Salchenberg v. Colvin*, 534 F. App'x 586, 588 (9th Cir. 2013)). The Court adopts the remainder of the F&R's discussion regarding the ALJ's credibility analysis of Dr. Pinsonneault.

## CONCLUSION

The F&R (Dkt. 28) is ADOPTED IN PART, as set forth herein. The decision by the Commissioner is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 17th day of June, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER